IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STEVEN BONILLA,<br><br>        Plaintiff.<br>_____/<br><br>ORDER OF DISMISSAL; TERMINATING ALL PENDING MOTIONS; NOTIFYING PLAINTIFF OF APPLICATION OF 28 U.S.C. § 1915(g) TO FUTURE ACTIONS | Nos. C 11-3180 CW (PR)<br>     C 11-3181 CW (PR)<br>     C 11-3206 CW (PR)<br>     C 11-3398 CW (PR)<br>     C 11-3441 CW (PR)<br>     C 11-3631 CW (PR)<br>     C 11-4334 CW (PR)<br>     C 11-4335 CW (PR)<br>     C 11-4534 CW (PR)<br>     C 11-4731 CW (PR)<br>     C 11-4737 CW (PR) |

BACKGROUND

Plaintiff Steven Bonilla has been sentenced to death by the Superior Court of California for the County of Alameda. He is incarcerated at San Quentin State Prison. Although his state habeas case currently is being litigated, he filed a request for appointment of counsel for his future federal habeas litigation in this Court. See Bonilla v. Ayers, No. C 08-0471 CW (PR). Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred the matter to the Northern District's Selection Board for the recommendation of qualified counsel to represent Plaintiff in his federal habeas proceedings. Additionally, pursuant to Habeas Local Rule 2254-24(a), the Court granted Plaintiff's concurrent request for a stay of execution. (Docket no. 3.)

Although Plaintiff's state habeas case is pending, Plaintiff has filed numerous pro se requests and motions in C 08-0471. All of the requests and motions have been denied by this Court or withdrawn by Plaintiff. In particular, on February 16, 2011, the

1 Court issued an Order telling Plaintiff that no further filings
2 regarding CR 88-259 MISC AJZ (Grand Jury proceedings) would be
3 accepted by this Court. (Docket no. 34.) Additionally, the Court
4 dismissed with prejudice In re: Steven Wayne Bonilla, No. C 11-0441
5 CW (PR), a pro se complaint filed by Plaintiff regarding CR 88-259
6 MISC AJZ. (Id.) On March 29, 2011, the Court denied several more
7 pro se motions filed by Plaintiff in C 08-0471. In doing so, the
8 Court wrote:

> As this Court has stated multiple times, Petitioner's state habeas case is still pending in the state court. The Court reiterates to Petitioner that challenges to his state trial conviction must be reviewed by the state courts before being considered by the federal court. Until that time, Petitioner's various claims in his pro se pleadings are not ripe for this Court to consider.

13 (Docket no. 54 at 2:16-22.)
14     Between June 1 and June 20, 2011, Plaintiff filed in this
15 Court nineteen pro se civil rights actions under 42 U.S.C. § 1983.
16 The Court dismissed all of those actions for the reason that none
17 of the allegations in Plaintiff's complaints stated a claim for
18 relief under § 1983. Specifically, the Court explained to
19 Plaintiff that although challenges to the lawfulness of confinement
20 or its duration can be addressed only by way of habeas corpus,

> Here, in an apparent attempt to circumvent this Court's prior admonition to Plaintiff that no further filings regarding CR 88-259 MISC AJZ would be accepted by the Court and that additional unripe pro se motions in C 08-0471 would be denied, Plaintiff has filed the instant civil rights complaints in which he seeks access to certain discovery, witness testimony, declarations and other information that he claims would render his death penalty conviction invalid, including information regarding CR 88-259 MISC AJZ. Because all of Plaintiff's civil rights complaints seek relief that must be pursued by way of habeas corpus, all of the instant civil rights actions are hereby DISMISSED without prejudice to Plaintiff's bringing his claims in a federal habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d

2

1  583, 586 (9th Cir. 1995).  Plaintiff is reminded,
2  however, that he must heed the Court's prior admonitions
   before filing additional pro se matters in C 08-0471.

3 In re Steven Bonilla, Nos. C 11-2612 et seq. CW (PR), Order of

4 Dismissal at 2:28-3:15; see also In re Steven Bonilla, Nos.

5 C 11-2808 et seq. CW (PR), Order of Dismissal; In re Steven

6 Bonilla, Nos. C 11-3052 et seq. CW (PR), Order of Dismissal.

7       Now pending before the Court are eleven new pro se civil

8 rights actions filed by Plaintiff.  For the reasons discussed

9 below, the actions are DISMISSED.

10                              DISCUSSION

11      With the exception of one complaint filed against an attorney

12 Plaintiff hired in a civil proceeding, all of Plaintiff's newly-

13 filed civil rights actions bear some connection to his state

14 criminal proceedings.  Rather than seeking habeas corpus relief,

15 however, as Plaintiff previously attempted to do in his prior civil

16 rights actions, most of the instant complaints seek monetary

17 damages and/or injunctive relief from individuals or entities that

18 allegedly presented perjured testimony, provided false evidence or

19 otherwise conspired with the prosecution to obtain Plaintiff's

20 conviction.  See Bonilla v. FBI, No. C 11-3631 CW (PR) (seeking

21 return of property seized by FBI that was used at trial); Bonilla

22 v. Keyes, No. C 11-4534 CW (PR) (suing private individual who

23 testified at Plaintiff's trial and allegedly committed perjury);

24 Bonilla v. Rand Investigation, No. C 11-4731 CW (PR) (suing private

25 investigation company that obtained personal phone records later

26 used against Plaintiff at trial); Bonilla v. Rule, No. C 11-4737 CW

27 (PR) (suing private author for damages for libel in relation to

28 Plaintiff's conviction).

3

Additionally, three of Plaintiff's complaints seek damages from private actors who allegedly unlawfully took possession of Plaintiff's business and its proceeds while conspiring to convict Plaintiff. See Bonilla v. Baptist, et al., No. C 11-3398 CW (PR); Bonilla v. Pacific Growers, No. C 11-4334 CW (PR); Bonilla v. Baptist, et al., No. C 11-4335 CW (PR). And, as noted, one of Plaintiff's complaints seeks monetary damages from a private attorney hired by Plaintiff in a civil proceeding. See Bonilla v. Lively, No. C 11-3180 CW (PR).

The above eight cases are subject to dismissal for the following reasons. As an initial matter, Plaintiff cannot seek monetary damages from private individuals under § 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). This includes private attorneys. See Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981). Accordingly, all such claims are DISMISSED for failure to state a claim upon which relief may be granted.

Further, Plaintiff cannot pursue any claim for damages or injunctive relief that, if successful, necessarily would call into question the validity of his conviction or confinement. Heck v. Humphrey, 512 U.S. 477 (1994), holds that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. Id. at 486-87. If success in the § 1983 lawsuit would necessarily demonstrate the invalidity of the confinement or its duration, the

4

§ 1983 lawsuit is barred, irrespective of whether the plaintiff seeks monetary damages or equitable relief. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

Here, Plaintiff's complaints seeking damages and/or injunctive relief from those who allegedly conspired to prosecute and convict him would, if successful, necessarily call into question the validity of Plaintiff's conviction. Accordingly, the complaints that raise such claims are DISMISSED for failure to state a claim upon which relief may be granted. See Heck, 512 U.S. at 487.

Another three of Plaintiff's complaints raise claims concerning actions taken by the state courts. In one case, Plaintiff seeks damages and injunctive relief from a state court judge for alleged erroneous evidentiary rulings in Plaintiff's criminal proceedings. See Bonilla v. Goodman, No. C 11-3260 CW (PR). A state judge, however, is absolutely immune from civil liability for damages under § 1983 for judicial acts. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967). Further, any claim for injunctive relief regarding evidentiary matters at Plaintiff's trial must be brought by way of habeas corpus. Accordingly, this complaint is DISMISSED for failure to state a claim upon which relief may be granted.

In Plaintiff's remaining two cases, he challenges the constitutionality of the California Supreme Court's policy requiring that an attorney be appointed to represent capital defendants in all automatic appeals. See Bonilla v. Supreme Court of Cal., No. C 11-3181 CW (PR); Bonilla v. Supreme Court of Cal., C 11-3441 CW (PR). In particular, Plaintiff claims that because of such policy he has been forced to proceed with an attorney who is

5

providing ineffective assistance of counsel. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending, (2) the state proceedings involve important state interests, and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).

Here, the Court declines, under Younger, to intervene in Plaintiff's ongoing appellate proceedings before the California Supreme Court. Accordingly, the Court will abstain from addressing Plaintiff's challenges to the California Supreme Court's policy and these two cases are DISMISSED without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following nine actions are DISMISSED without leave to amend for failure to state a claim upon which relief may be granted: Bonilla v. Lively, C 11-3180; Bonilla v. Goodman, C 11-3260; Bonilla v. Baptist, et al., C 11-3398; Bonilla v. FBI, C 11-3631; Bonilla v. Pacific Growers, C 11-4334; Bonilla v. Baptist, et al., C 11-4335; Bonilla v. Keyes, C 11-4534; Bonilla v. Rand

6

Investigation, C 11-4731; Bonilla v. Rule, C 11-4737 CW.

2. The following two actions are DISMISSED without prejudice on abstention grounds: Bonilla v. Supreme Court of Cal., C 11-3181; Bonilla v. Supreme Court of Cal., C 11-3441.

3. In light of the above dismissals for failure to state a claim upon which relief may be granted, Plaintiff is advised that he will not be permitted to proceed in forma pauperis (IFP) in any future civil action he files in this Court, as set forth in 28 U.S.C. § 1915(g). Specifically, under that section, a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Consequently, Plaintiff will be required to pay the full $350.00 filing fee at the time of filing any future civil action unless he meets the "imminent danger" exception.

4. The Clerk of the Court shall enter judgment in each of the above civil rights actions, terminate all pending motions therein, and close the files. The Clerk of the Court also shall file a copy of this Order in C 08-0471.

IT IS SO ORDERED.

Dated: 10/25/2011

　　　　　　　　　　　　　　　　　Claudia Wilken
　　　　　　　　　　　　　　　　　CLAUDIA WILKEN
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

7

<b>United States District Court</b><br>For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STEVEN W BONILLA,

    Plaintiff,

v.

DAVID LIVELY et al,

    Defendant.

Case Number: CV11-03180 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Wayne Bonilla J-48500
San Quentin State Prison
San Quentin, CA 94964

Dated: October 25, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk