United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STEVEN BONILLA, | Nos. C 11-3180 CW (PR) |
| Plaintiff. | C 11-3181 CW (PR) |
| | C 11-3206 CW (PR) |
| | C 11-3398 CW (PR) |
| | C 11-3441 CW (PR) |
| / | C 11-3631 CW (PR) |
| | C 11-4334 CW (PR) |
| ORDER OF DISMISSAL; TERMINATING | C 11-4335 CW (PR) |
| ALL PENDING MOTIONS; NOTIFYING | C 11-4534 CW (PR) |
| PLAINTIFF OF APPLICATION OF 28 | C 11-4731 CW (PR) |
| U.S.C. § 1915(g) TO FUTURE | C 11-4737 CW (PR) |
| ACTIONS | |

BACKGROUND

Plaintiff Steven Bonilla has been sentenced to death by the Superior Court of California for the County of Alameda. He is incarcerated at San Quentin State Prison. Although his state habeas case currently is being litigated, he filed a request for appointment of counsel for his future federal habeas litigation in this Court. See Bonilla v. Ayers, No. C 08-0471 CW (PR). Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred the matter to the Northern District's Selection Board for the recommendation of qualified counsel to represent Plaintiff in his federal habeas proceedings. Additionally, pursuant to Habeas Local Rule 2254-24(a), the Court granted Plaintiff's concurrent request for a stay of execution. (Docket no. 3.)

Although Plaintiff's state habeas case is pending, Plaintiff has filed numerous pro se requests and motions in C 08-0471. All of the requests and motions have been denied by this Court or withdrawn by Plaintiff. In particular, on February 16, 2011, the

United States District Court
For the Northern District of California

1   Court issued an Order telling Plaintiff that no further filings

2   regarding CR 88-259 MISC AJZ (Grand Jury proceedings) would be

3   accepted by this Court.  (Docket no. 34.)  Additionally, the Court

4   dismissed with prejudice In re: Steven Wayne Bonilla, No. C 11-0441

5   CW (PR), a pro se complaint filed by Plaintiff regarding CR 88-259

6   MISC AJZ.  (Id.)  On March 29, 2011, the Court denied several more

7   pro se motions filed by Plaintiff in C 08-0471.  In doing so, the

8   Court wrote:

9           As this Court has stated multiple times, Petitioner's
            state habeas case is still pending in the state court.
10          The Court reiterates to Petitioner that challenges to his
            state trial conviction must be reviewed by the state
11          courts before being considered by the federal court.
            Until that time, Petitioner's various claims in his pro
12          se pleadings are not ripe for this Court to consider.

13  (Docket no. 54 at 2:16-22.)

14          Between June 1 and June 20, 2011, Plaintiff filed in this

15  Court nineteen pro se civil rights actions under 42 U.S.C. § 1983.

16  The Court dismissed all of those actions for the reason that none

17  of the allegations in Plaintiff's complaints stated a claim for

18  relief under § 1983.  Specifically, the Court explained to

19  Plaintiff that although challenges to the lawfulness of confinement

20  or its duration can be addressed only by way of habeas corpus,

21          Here, in an apparent attempt to circumvent this Court's
            prior admonition to Plaintiff that no further filings
22          regarding CR 88-259 MISC AJZ would be accepted by the
            Court and that additional unripe pro se motions in C 08-
23          0471 would be denied, Plaintiff has filed the instant
            civil rights complaints in which he seeks access to
24          certain discovery, witness testimony, declarations and
            other information that he claims would render his death
25          penalty conviction invalid, including information
            regarding CR 88-259 MISC AJZ.  Because all of Plaintiff's
26          civil rights complaints seek relief that must be pursued
            by way of habeas corpus, all of the instant civil rights
27          actions are hereby DISMISSED without prejudice to
            Plaintiff's bringing his claims in a federal habeas
28          petition.  See Trimble v. City of Santa Rosa, 49 F.3d

                                    2

United States District Court
For the Northern District of California

583, 586 (9th Cir. 1995).  Plaintiff is reminded, however, that he must heed the Court's prior admonitions before filing additional pro se matters in C 08-0471.

In re Steven Bonilla, Nos. C 11-2612 et seq. CW (PR), Order of Dismissal at 2:28-3:15; see also In re Steven Bonilla, Nos. C 11-2808 et seq. CW (PR), Order of Dismissal; In re Steven Bonilla, Nos. C 11-3052 et seq. CW (PR), Order of Dismissal.

Now pending before the Court are eleven new pro se civil rights actions filed by Plaintiff.  For the reasons discussed below, the actions are DISMISSED.

DISCUSSION

With the exception of one complaint filed against an attorney Plaintiff hired in a civil proceeding, all of Plaintiff's newly-filed civil rights actions bear some connection to his state criminal proceedings.  Rather than seeking habeas corpus relief, however, as Plaintiff previously attempted to do in his prior civil rights actions, most of the instant complaints seek monetary damages and/or injunctive relief from individuals or entities that allegedly presented perjured testimony, provided false evidence or otherwise conspired with the prosecution to obtain Plaintiff's conviction.  See Bonilla v. FBI, No. C 11-3631 CW (PR) (seeking return of property seized by FBI that was used at trial); Bonilla v. Keyes, No. C 11-4534 CW (PR) (suing private individual who testified at Plaintiff's trial and allegedly committed perjury); Bonilla v. Rand Investigation, No. C 11-4731 CW (PR) (suing private investigation company that obtained personal phone records later used against Plaintiff at trial); Bonilla v. Rule, No. C 11-4737 CW (PR) (suing private author for damages for libel in relation to Plaintiff's conviction).

**United States District Court**
For the Northern District of California

1    Additionally, three of Plaintiff's complaints seek damages

2   from private actors who allegedly unlawfully took possession of

3   Plaintiff's business and its proceeds while conspiring to convict

4   Plaintiff.  <u>See</u> <u>Bonilla v. Baptist, et al.</u>, No. C 11-3398 CW (PR);

5   <u>Bonilla v. Pacific Growers</u>, No. C 11-4334 CW (PR); <u>Bonilla v.</u>

6   <u>Baptist, et al.</u>, No. C 11-4335 CW (PR).  And, as noted, one of

7   Plaintiff's complaints seeks monetary damages from a private

8   attorney hired by Plaintiff in a civil proceeding.  <u>See</u> <u>Bonilla v.</u>

9   <u>Lively</u>, No. C 11-3180 CW (PR).

10    The above eight cases are subject to dismissal for the

11   following reasons.  As an initial matter, Plaintiff cannot seek

12   monetary damages from private individuals under § 1983.  <u>See</u> <u>Gomez</u>

13   <u>v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>Ouzts v. Maryland Nat'l Ins.</u>

14   <u>Co.</u>, 505 F.2d 547, 550 (9th Cir. 1974).  This includes private

15   attorneys.  <u>See</u> <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1345 (9th Cir.

16   1981).  Accordingly, all such claims are DISMISSED for failure to

17   state a claim upon which relief may be granted.

18    Further, Plaintiff cannot pursue any claim for damages or

19   injunctive relief that, if successful, necessarily would call into

20   question the validity of his conviction or confinement.  <u>Heck v.</u>

21   <u>Humphrey</u>, 512 U.S. 477 (1994), holds that in order to state a claim

22   for damages for an allegedly unconstitutional conviction or term of

23   imprisonment, or for other harm caused by actions whose

24   unlawfulness would render a conviction or sentence invalid, a

25   plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that

26   the conviction or sentence has been reversed or declared invalid.

27   <u>Id.</u> at 486-87.  If success in the § 1983 lawsuit would necessarily

28   demonstrate the invalidity of the confinement or its duration, the

4

**United States District Court**
For the Northern District of California

§ 1983 lawsuit is barred, irrespective of whether the plaintiff seeks monetary damages or equitable relief. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005).

Here, Plaintiff's complaints seeking damages and/or injunctive relief from those who allegedly conspired to prosecute and convict him would, if successful, necessarily call into question the validity of Plaintiff's conviction. Accordingly, the complaints that raise such claims are DISMISSED for failure to state a claim upon which relief may be granted. <u>See</u> <u>Heck</u>, 512 U.S. at 487.

Another three of Plaintiff's complaints raise claims concerning actions taken by the state courts. In one case, Plaintiff seeks damages and injunctive relief from a state court judge for alleged erroneous evidentiary rulings in Plaintiff's criminal proceedings. <u>See</u> <u>Bonilla v. Goodman</u>, No. C 11-3260 CW (PR). A state judge, however, is absolutely immune from civil liability for damages under § 1983 for judicial acts. <u>See</u> <u>Pierson v. Ray</u>, 386 U.S. 547, 553-55 (1967). Further, any claim for injunctive relief regarding evidentiary matters at Plaintiff's trial must be brought by way of habeas corpus. Accordingly, this complaint is DISMISSED for failure to state a claim upon which relief may be granted.

In Plaintiff's remaining two cases, he challenges the constitutionality of the California Supreme Court's policy requiring that an attorney be appointed to represent capital defendants in all automatic appeals. <u>See</u> <u>Bonilla v. Supreme Court of Cal.</u>, No. C 11-3181 CW (PR); <u>Bonilla v. Supreme Court of Cal.</u>, C 11-3441 CW (PR). In particular, Plaintiff claims that because of such policy he has been forced to proceed with an attorney who is

United States District Court
For the Northern District of California

1 providing ineffective assistance of counsel.  Under principles of

2 comity and federalism, a federal court should not interfere with

3 ongoing state criminal proceedings by granting injunctive or

4 declaratory relief absent extraordinary circumstances.  See Younger

5 v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is

6 required when: (1) state proceedings, judicial in nature, are

7 pending, (2) the state proceedings involve important state

8 interests, and (3) the state proceedings afford adequate

9 opportunity to raise the constitutional issue.  See Middlesex

10 County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432

11 (1982).  The rationale of Younger applies throughout appellate

12 proceedings, requiring that state appellate review of a state court

13 judgment be exhausted before federal court intervention is

14 permitted.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11

15 (1975).

16      Here, the Court declines, under Younger, to intervene in

17 Plaintiff's ongoing appellate proceedings before the California

18 Supreme Court.  Accordingly, the Court will abstain from addressing

19 Plaintiff's challenges to the California Supreme Court's policy and

20 these two cases are DISMISSED without prejudice.

21                          CONCLUSION

22      For the foregoing reasons, the Court orders as follows:

23      1.  The following nine actions are DISMISSED without leave to

24 amend for failure to state a claim upon which relief may be

25 granted: Bonilla v. Lively, C 11-3180; Bonilla v. Goodman, C 11-

26 3260; Bonilla v. Baptist, et al., C 11-3398; Bonilla v. FBI, C 11-

27 3631; Bonilla v. Pacific Growers, C 11-4334; Bonilla v. Baptist, et

28 al., C 11-4335; Bonilla v. Keyes, C 11-4534; Bonilla v. Rand

1  Investigation, C 11-4731; Bonilla v. Rule, C 11-4737 CW.

2      2.   The following two actions are DISMISSED without prejudice

3  on abstention grounds: Bonilla v. Supreme Court of Cal., C 11-3181;

4  Bonilla v. Supreme Court of Cal., C 11-3441.

5      3.   In light of the above dismissals for failure to state a

6  claim upon which relief may be granted, Plaintiff is advised that

7  he will not be permitted to proceed in forma pauperis (IFP) in any

8  future civil action he files in this Court, as set forth in 28

9  U.S.C. § 1915(g).  Specifically, under that section, a prisoner may

10  not bring a civil action IFP "if the prisoner has, on 3 or more

11  prior occasions, while incarcerated or detained in any facility,

12  brought an action or appeal in a court of the United States that

13  was dismissed on the grounds that it is frivolous, malicious, or

14  fails to state a claim upon which relief may be granted, unless the

15  prisoner is under imminent danger of serious physical injury."  28

16  U.S.C. § 1915(g).

17      Consequently, Plaintiff will be required to pay the full

18  $350.00 filing fee at the time of filing any future civil action

19  unless he meets the "imminent danger" exception.

20      4.   The Clerk of the Court shall enter judgment in each of

21  the above civil rights actions, terminate all pending motions

22  therein, and close the files.  The Clerk of the Court also shall

23  file a copy of this Order in C 08-0471.

24      IT IS SO ORDERED.

25  Dated: 10/25/2011

26                                  _____
                                    CLAUDIA WILKEN
27                                  UNITED STATES DISTRICT JUDGE

28

                                  7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STEVEN W BONILLA,

          Plaintiff,

   v.

DAVID LIVELY et al,

          Defendant.
_____/

Case Number: CV11-03180 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Wayne Bonilla J-48500
San Quentin State Prison
San Quentin, CA 94964

Dated: October 25, 2011

                        Richard W. Wieking, Clerk
                        By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California